O’Neall, J.
delivered the opinion of.the Court.
The four first grounds of this appeal are concluded by the judgment of the Court of Errors, in the case of Jaggers V- Estes. Upon the other two grounds we think a new trial must be granted.
The com and fodder, the product of the intestate’s farm, a tract of land which he had, by deed, conveyed to his son, the defendant, in 1837, but of which he retained possession to his death, in August ’45, was unquestionably his goods and chattels, to which the plaintiff, as his administrator, was entitled. The emblements growing on land, at the death of a tenant, do not appertain to the land, and go to the owner of the freehold. They belong to the executor or administrator of the tenant. Bouvier’s Law Die. Tit. Emblements.
Nor can the crop be regarded as a co-partnership property. The intestate was in the possession of the land, and must at least be regarded as tenant from year to year ; most of the slaves employed in the crop, the mules and horses, belonged to him for life: the defendant worked his own slaves with those belonging to his father for life, on his (the defendant’s) land in North Carolina, and on his father’s farm in South Carolina. Both places were under their joint superintendence. The most the defendant can claim is to rank, as a cropper, on the South Carolina farm, with the intestate, and have his share deducted from the aggregate of the crop.— This is indeed, perhaps, allowing him more than he can le-gaily demand. For, according to Rogers v. Collier, the whole crop is the property of the intestate, and the defendant’s interest in it is a mere chose in action, constituting a personal demand on the intestate. But to end this litigation, it is better to ascertain the share of the defendant in the crop, (if any he was to have by agreement,) and after deducting it, let the plaintiff have a verdict for the balance, with interest on the value thereof from the conversion. The hire of the negroes, (if used by the defendant in his own business,) from the death of the intestate to the last day of December, or until the intestate’s crop was actually gathered, (if that sooner than the last day of December,) with interest on the same, the plaintiff is unquestionably entitled to recover.
The motion for a new trial is granted.
Richardson, J. and Evans, J. concurred.